IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. <u>2:15cr52</u>

ALVIN NORLEE MOORE, III

## <u>POSITION OF THE DEFENDANT ALVIN NORLEE MOORE, III, WITH RESPECT TO SENTENCING FACTORS</u>

### I.
### <u>THE SENTENCING GUIDELINES</u>

The defendant has no objection to the technical accuracy of the guidelines calculations.

### II.
### <u>SECTION 3553 (a) FACTORS</u>

18 U.S.C. Section 3553 (a)'s overarching mandate directs that a "court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in" Section 3553 (a)(2). The mandatory minimum required sentence for the defendant in this case is 120 months. The defendant respectfully submits that a 120-month sentence is sufficient but not greater than necessary in this case.

In making this determination, the Court "shall consider" certain factors under Section 3553, including, but not limited to, the following:

    A.    <u>The nature and circumstances of the offense.</u>

Although this is a very serious case, through his guilty plea, through his execution of the Statement Of Facts, and through his acceptance of responsibility in his presentence interview with the Probation Officer, the defendant has taken the first step towards significant remorse and rehabilitation: he has admitted his wrongdoing, apologized for it,

1

and accepted responsibility for his actions. This gives a strong basis to conclude that the defendant will not likely reoffend ever again.

In addition, there are no aggravating adjustments for the defendant's role in this offense, nor any evidence of obstruction of justice.

Furthermore, while the victim was indeed a minor, she was 15, the age of consent under Virginia law, which does mitigate the offense somewhat.

Finally, the defendant indicated that he believed the victim was 19, not 15, and that had he known her true age, he would never have committed the offense in question.

### B. The history and characteristics of the defendant.

The defendant is 29 years old. His father is disabled and his mother is unemployed.

Although the parents were married in 1985, they separated in 1999-2000. The mother noted that the father used crack cocaine and consumed alcohol on a daily basis, which the mother indicates was the cause of their separation.

The defendant was anally raped on several occasions by a 17-year-old neighbor when the defendant was 13 years old.

Accordingly, it is fair to conclude that, due to the foregoing circumstances, the defendant had significant challenges growing up.

Although the defendant has never been married, he has at least one child (and possibly another). He supports his child on a voluntary basis, has daily contact with him and maintains a close bond with him. The mother describes the defendant as a "great" father and a "good" dad.

The defendant is physically healthy and denies ever receiving any mental health treatment, nor is there any information indicating otherwise.

The defendant has suffered from a substance abuse problem, which no doubt has contributed to his poor judgment in this matter. He admits to smoking as much marijuana as possible daily between the ages of 19 and the present. He therefore would be an excellent candidate for the Bureau of Prison's RDAP Substance Abuse Treatment.

The defendant completed the 11th grade and the school board apparently was going to allow him to return to school, but his parents thought employment was a better option.

In sum, the foregoing circumstances all constitute mitigation in terms of history and characteristics.

C. <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>.

Although the defendant is calculated as a Criminal History Category IV (9 points), this elevated Criminal History Category is attained based solely on a series of misdemeanors over the past 11 years, some of which are relatively minor, and with no history of felony convictions. Accordingly, the defendant respectfully submits that his criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes.

U.S.S.G. § 4A 1.3.(b)(1) states as follows:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Based on the foregoing standard, the defendant respectfully submits that his criminal history category of IV should be substantially reduced for the foregoing reasons.

## CONCLUSION

The mandatory minimum term of imprisonment in this case is 120 months. Based on the mitigating factors discussed above, and the over-representation of the defendant's criminal history category, the defendant respectfully submits that the mandatory minimum of 120 months is sufficient but not greater than necessary to satisfy the 3553 considerations.

By: \_\_\_\_\_/s/_____

Of counsel

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Alvin Moore, III
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Elizabeth M. Yusi, Esquire
Assistant United States Attorney
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
Phone: (757) 441-6331
Facsimile: (757) 441-6689
Email: elizabeth.yusi@usdoj.gov

_____/s/_____
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305

Attorneys for defendant Alvin Moore, III
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 501
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\MOORE Alvin\PositionSentFactors4 19 16.docx