**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:15cr52** |
| | ) | |
| **ALVIN NORLEE MOORE III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by Dana J. Boente, United States Attorney, and Elizabeth M. Yusi, Assistant United States Attorney, offers this position paper regarding the sentencing factors stated in 18 U.S.C. § 3553(a). The government has no objection to the calculations of the United States Sentencing Guidelines (U.S.S.G. or "Guidelines"), which recommend a sentence of imprisonment of 188-235 months. Based on the nature of the offense and related conduct, the United States asks the Court to impose a Guidelines sentence of 188 months' imprisonment and a significant period of supervised release.

**I.   BACKGROUND**

On January 6, 2016, defendant ALVIN NORLEE MOORE III pleaded guilty to one count of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591[1]. The Court is scheduled to conduct a sentencing hearing on April 26, 2016. At that time, the government will request a sentence of 188 months, because it is sufficient but not greater than necessary to satisfy the purposes of sentencing, as discussed below.

---

[1]   A violation of 18 U.S.C. § 1591 carries a mandatory minimum of ten years' imprisonment and a maximum penalty of life imprisonment.

The investigation of MOORE started on December 18, 2014, at approximately 5:30 pm, when members of the Virginia Beach Police Department's (VBPD) Special Investigations Unit were contacted by a detective from VBPD's Special Victims Unit regarding a 15 year-old runaway, Jane Doe, who was being prostituted by an unidentified black male that goes by the nickname "Mann." Detectives from VBPD arrived on scene at VBPD's Headquarters and interviewed the minor victim, Jane Doe.

Jane Doe ran away from home around November 23, 2014, and she was picked up by a friend she knew from her neighborhood to go to a party at a hotel. The friend drove Jane Doe to a hotel off of Military Highway in Virginia Beach and introduced her to "Mann." The friend left Jane Doe at the hotel and never returned to pick her up. When Jane Doe tried to leave the hotel the following morning, "Mann" told Jane Doe that she was not going anywhere. "Mann" was identified as ALVIN NORLEE MOORE III from a photograph shown to Jane Doe by the detective.

That morning, MOORE immediately posted ads of Jane Doe on www.backpage.com soliciting prostitution customers for her. MOORE had Jane Doe take customers at a hotel that same day. In fact, the first time Jane Doe ever had sex was with a customer that day.[2] Jane Doe continued to work for MOORE as a prostitute until the time she left to go home.

For the week of December 8, 2014, Jane Doe was staying at a hotel at the ocean front in Virginia Beach, Virginia, and was being prostituted out by MOORE doing in-call (at the hotel room) and out-call appointments (going to the customer's location). All of Jane Doe's appointments were for a sexual act for money. Jane Doe would have roughly ten (10)

---

[2] At sentencing, the government will present testimony from Federal Bureau of Investigation Special Agent Shannon Brill concerning this fact and others contained herein but not contained in the PSR.

appointments a day, making approximately $1200.00 per day. MOORE took all the money from Jane Doe's prostitution appointments. Jane Doe stated that she had sex with MOORE on one occasion.

One day, Jane Doe lied and told MOORE that her sister was in an accident and was severely hurt. Jane Doe begged MOORE to leave to go see her sister and promised to come back. MOORE allowed Jane Doe to go to the hospital and made her promise to come back to him. Jane Doe left and was found by her sister in the Twin Canal area of Virginia Beach on December 17, 2014, which was when police were contacted by Jane Doe's mother.

On December 31, 2014, VBPD detectives took MOORE into custody at a hotel in Virginia Beach. MOORE stated, post *Miranda* rights, that he was not involved in any prostitution. MOORE knew H.M., a woman identified as also working for MOORE, was a prostitute. MOORE stated that he was H.M.'s boyfriend and has known her for three years. MOORE also stated that he met Jane Doe a month ago through another woman and admitted to having sex with Jane Doe. However, MOORE denied he prostituted Jane Doe or anyone else. MOORE further stated that he knew H.M. and Jane Doe were prostituting, but he never received any money from anyone for prostitution and that he was not involved.

S.H. was also prostituting for MOORE and had been, on and off, for many years. She was also the victim of severe physical abuse by MOORE. S.H. assisted MOORE in driving Jane Doe to and from appointments with customers. In addition to S.H., MOORE had prostituted other women, including H.M., over the past few years as well.

## II.   STANDARDS GOVERNING SENTENCING

In three opinions, the Supreme Court pronounced the standing sentencing regime. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing

Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 U.S. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 90. Finally, in *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guidelines range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 49-50. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.")

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. App'x 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

### III.   FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court should consider the nature and circumstances of the offense as well as the history and characteristics of the defendant. The Court should impose a sentence that reflects the seriousness of the offense, and the need to

promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with adequate rehabilitation or medical treatment.

### A. Nature and Circumstances of the Offense

The charge to which the defendant has pleaded guilty, sex trafficking of children, is an extremely serious crime. Jane Doe has to live with the fact that she was sold to men for sex on numerous occasions. And, regardless of whether the 15 year old "consented" to any of this, legally she cannot consent (and for good reason). MOORE, who is 29 years-old, taught Jane Doe how to prostitute and how to make money for sex. MOORE kept all of the money because he was the one in control.

MOORE had been earning a living by prostituting women for many years. S.H., the woman mentioned in paragraphs 65 and 67 of the PSR, worked as a prostitute. She too gave MOORE money that she earned via prostitution. In fact, she was the victim in MOORE's domestic assault and battery conviction in 2013. MOORE's actions and his choice of "employment" (including the selling of marijuana) lead the government to believe that he has no problem throwing away caution, sense, and lawfulness just to fulfill his own greed. He has no problem using other humans to make money for him and his family. Therefore, a sentence of 188 months would be adequate but not excessive due to the nature and circumstances of the defendant's actions.

### B. Defendant's Criminal History

MOORE's criminal history shows that he already knows what it means to deal with the judicial system, yet still chooses to try to earn money in illegal ways. In fact, he started getting in trouble with the law at 18 years old. While MOORE's upbringing may have been far from ideal,

MOORE has made a living creating additional victims of his crimes, whether they be victims of assault or in this case, sexual exploitation. MOORE's criminal history and lack of legitimate work history or income support that he has not been a productive member of society for his entire adult life. The government submits that this 3553 factor also supports a sentence of 188 months' imprisonment.

### C. Need to Deter Future Criminal Conduct and to Protect the Public

Defendant's sentence also needs to accomplish the twin goals of deterring the defendant from engaging in future criminal conduct and to protect the public. MOORE appears to have been part of the criminal system in one way or another his entire adult life. MOORE's current actions convey that he still does not care about the law, nor any damage he has done to Jane Doe or perhaps the other women that he prostituted in the Tidewater area. Due to the seriousness of the offense and MOORE's actions, adequate punishment, deterrence and protection of the public, all call for a severe sentence. A severe sentence would be accomplished by the Court imposing a sentence of imprisonment of 188 months.

### D. Need to Provide Treatment to Defendant

Due to the nature and duration of the defendant's crimes, defendant should be ordered to participate in a sex offender treatment program while incarcerated as well as mental health and a substance abuse program.

### E. Need to Avoid Unwarranted Sentencing Disparities

The sentence requested by the government would place the defendant in the same position as many defendants with similar characteristics who are charged with the same or similar child prostitution offenses. Here, MOORE is not your "typical" child exploitation offender. He was not on the Internet trolling for images of "anonymous" schildren. Rather, he found a live and

pliable 15 year old who MOORE manipulated into working as a prostitute. As such, the need to avoid unwarranted sentence disparities clearly weighs in favor of a sentence that comports with the MOORE's serious criminal actions, which the government submits is 188 months' imprisonment. 18 U.S.C. § 3553(a)(6).

## IV. CONCLUSION

For the reasons stated above, the government asks the Court to impose a sentence of 188 months' imprisonment and a significant period of supervised release.

        DANA J. BOENTE
        UNITED STATES ATTORNEY

By:     /s/
        Elizabeth M. Yusi
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, VA 23510
        Office Number: 757-441-6331
        Facsimile Number: 757-441-6689
        E-Mail Address: elizabeth.yusi@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of April, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Andrew Sacks, Esq.

I FURTHER CERTIFY that on this 19th day of April, 2016, I caused a true and correct copy of the foregoing to be mailed to the following:

Jason Cole
Senior U.S. Probation Officer

/s/
Elizabeth M. Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: 757-441-6331
Fax: 757-441-6689
Email: elizabeth.yusi@usdoj.gov